J-S58033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
            Appellee   :
  :
          v.   :
  :
EDGARDO LUIS REYES   :
  :
            Appellant   :   No. 212 MDA 2017

Appeal from the Judgment of Sentence August 12, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005791-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:           **FILED OCTOBER 24, 2017**

Appellant, Edgardo Luis Reyes, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his open guilty plea to aggravated assault of a child less than six years of age, endangering the welfare of children ("EWOC"), and simple assault.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On May 13, 2016, the Commonwealth charged Appellant with aggravated assault of a child less than six years of age, EWOC, and simple assault. The charges stemmed from Appellant's abuse of his infant daughter ("Victim") between July 21, 2015 and August 15, 2015. On May 16, 2016, Appellant

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(8), 4304(a), and 2701(a)(1), respectively.

entered an open guilty plea to all charged offenses. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On August 12, 2016, the court sentenced Appellant to a term of twenty (20) to sixty (60) months' imprisonment for the aggravated assault conviction, a consecutive term of eighteen (18) to sixty (60) months' imprisonment for the EWOC conviction, and a consecutive term of six (6) to sixty (60) months' imprisonment for the simple assault conviction, for a total sentence of forty-four (44) to one hundred and eighty (180) months' imprisonment. All of Appellant's minimum sentences were in the aggravated range of the sentencing guidelines. The court explained it based Appellant's sentence on: (1) Appellant's acceptance of responsibility; (2) Appellant's amenability to rehabilitation; (3) Appellant's ongoing abuse of Victim, as evidenced by Victim's prior healing injuries; (4) the fact that Victim was one month old at the time of the abuse; (5) the impact of the crime on Victim; (6) the serious nature of the crime; (7) the court's need to educate and deter others from engaging in similar behavior; (8) Appellant's treatment needs, which could be met by the imposition of a state sentence; and (9) the information contained in Appellant's PSI report.

On August 22, 2016, Appellant timely filed a post-sentence motion for modification of sentence, which was denied by operation of law on December 29, 2016. Appellant timely filed a notice of appeal on January 27, 2017. On

January 31, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on February 21, 2017. Appellant filed a request on March 3, 2017, to file an amended Rule 1925(b) statement, which the court granted on March 9, 2017. Appellant subsequently filed an amended Rule 1925(b) statement.

Appellant raises the following issue for our review:

> ON INFORMATION NUMBER 5791-2015, DID THE TRIAL COURT ABUSE ITS DISCRETION BY IMPOSING A SENTENCE IN THE AGGRAVATED RANGE BASED, AT LEAST IN PART, UPON IMPERMISSIBLE AGGRAVATING FACTORS?

(Appellant's Brief at 5).

Appellant argues the court imposed aggravated range sentences based on impermissible factors. Appellant first asserts the court's consideration of Victim's age was improper because Victim's age was an element of the aggravated assault offense. Appellant next claims the court's reliance on evidence of prior abuse injuries contained in Victim's medical reports was inappropriate because Appellant's charges did not stem from the prior injuries. Appellant next avers the court's consideration of the need to educate and deter the community from engaging in child abuse conduct was wrong because it prevented Appellant from receiving an individualized sentence. Appellant finally complains the court's reliance on the ability of a state correctional institution to meet Appellant's treatment needs was improper. Appellant concludes the court's reliance on these impermissible

factors led to the imposition of a manifestly excessive aggravated range sentence, and this Court should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal*

_____

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

*denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)). "The determination of what constitutes a substantial question must be evaluated

on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). Significantly, "[t]his Court has held that a claim that the sentence is excessive because the trial court relied on impermissible factors raises a substantial question." ***Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa.Super. 2003).

Here, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion, amended Rule 1925(b) statement, and Rule 2119(f) statement. Additionally, his claim that the court imposed aggravated range sentences based on impermissible factors appears to raise a substantial question as to the discretionary aspects of his sentence. ***See id.***

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court

- 6 -

ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Id.*** "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148,

125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). Notably, "[i]t is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range." *Simpson, supra* at 339. Nevertheless, "[e]ven if a sentencing court relies on a factor that should not have been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines." *Commonwealth v. Sheller*, 961 A.2d 187, 192 (Pa.Super. 2008), *appeal denied*, 602 Pa. 666, 980 A.2d 607 (2009). Further, the court may rely on the victim's precise age and vulnerability to justify an above-guideline sentence. *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007). Additionally, case law authorizes a sentencing court to consider unprosecuted criminal conduct. *Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa.Super. 2006), *appeal denied*, 588 Pa. 780, 906 A.2d 542 (2006). In fact, "the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background." *Id.*

Instantly, the court had the benefit of a PSI report at sentencing. Therefore, we can presume the court considered the relevant factors when it sentenced Appellant. *See Tirado, supra* at 368 (holding where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors).

The court also thoroughly explained its reasons for imposition of aggravated range sentences at the sentencing hearing on August 12, 2016. Specifically, the court explained it based Appellant's sentences on: (1) Appellant's acceptance of responsibility; (2) Appellant's amenability to rehabilitation; (3) Appellant's ongoing abuse of Victim as evidenced by Victim's prior healing injuries; (4) the fact that Victim was one month old and extremely vulnerable at the time of the abuse; (5) the impact of the crime on Victim; (6) the serious nature of the crime; (7) the court's need to educate and deter others from engaging in similar behavior; (8) Appellant's treatment needs, which could be met by the imposition of a state sentence; and (9) the information contained in Appellant's PSI report. Significantly, the court's consideration of Victim's precise age at the time of the offense was acceptable in light of Victim's extreme vulnerability. Additionally, the court properly considered all of Victim's injuries because Appellant's convictions stemmed from his repeated abuse of Victim between July 21, 2015 and August 15, 2015. Further, even if Appellant's convictions did not stem from the entire period of abuse, the circumstances of the case warranted consideration of Victim's prior injuries. *See P.L.S., supra*. Finally, the court appropriately weighed Appellant's treatment needs and the impact of the offense on the community. *See* 42 Pa.C.S.A. § 9721(b). Under these circumstances, the court relied on a myriad of permissible sentencing factors when it imposed Appellant's aggravated range sentences. Thus, Appellant's

challenge to the discretionary aspects of his sentence fails. **_See Hyland,_**

**_supra_**. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2017